
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CODY WILLIAM MARBLE, | No. 14-35143 |
| Petitioner - Appellant, | D.C. No. 9:09-cv-00141-DWM |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF MONTANA; MIKE BATISTA, Director, Department of Corrections, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted May 4, 2015[**]
Seattle, Washington

Before: KLEINFELD, GOULD, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cody Marble, a Montana state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time barred by the 1-year statute of limitations under the Antiterrorism and Effective Death Penalty Act. We affirm.

1. We previously affirmed the decision of the district court that Marble's state habeas petition was not "properly filed" and therefore did not toll the 1-year limitations period. *See Marble v. Attorney Gen. of Mont.*, 542 F. App'x 559, 559 (9th Cir. 2013) (citing 28 U.S.C. § 2244(d)). We remanded for consideration only of equitable tolling. *Id.* The district court's prior decision on statutory tolling has become the law of the case and must be followed in subsequent proceedings in this case. *See Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993).

2. Turning to the issue of equitable tolling, Marble contends that he was affirmatively misled by the Montana Supreme Court and thus should receive equitable tolling for his untimely federal habeas petition. We disagree. To establish that he was affirmatively misled, Marble must point to *affirmative* inaccuracies in statements made to him by the Montana Supreme Court, not merely to his "misunderstanding of accurate information." *See Ford v. Pliler*, 590 F.3d 782, 788–89 (9th Cir. 2009); *see also Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013); *United States v. Buckles*, 647 F.3d 883, 892 (9th Cir. 2011). Marble did not

2

show any affirmative misstatements made by the Montana Supreme Court, and was not entitled to equitable tolling.

**AFFIRMED.**