McKEOWN, J.,
dissenting:
I respectfully dissent. The crux of Knight’s complaint is that he inadvertently sent his 28 U.S.C. § 2254 habeas petition to state court, not federal court, and consequently is entitled to equitable tolling. He admits that “the original instructions that came with the petition forms had the federal court address on them,” but states that “unfortunately, I overlooked that when I sent my petition.” What occurred here cannot satisfy the requirement of “extraordinary circumstances beyond a prisoner’s control [that] make it impossible to file a petition on time.” Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir.2013) (citation omitted) (first emphasis added). His oversight, while unfortunate, is not an extraordinary circumstance but simply amounts to garden-variety negligence. See Holland v. Florida, 560 U.S. 631, 651-52, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (“[A] garden variety claim of excusable neglect, such as a simple ‘miscalculation’ that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.”) (citations omitted); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.2009) (noting that mere “oversight, miscalculation or negligence on [the petitioner’s] part ... preclude^] the application of equitable tolling” (citation omitted)).
Knight’s admission that the correct address was on the forms also undermines his excuse that a prison employee told him to mail his petition to state court. Not only did Knight not know who allegedly told him the wrong address, his declaration twice referred to the claimed deputy as a male. He said it might have been Deputy Munoz, but Rebecca Munoz is a female floor officer. There is no admissible evidence to support Knight’s claim that he received erroneous advice from a prison official. Taken together, the allegations and evidence do not establish extraordinary circumstances. I would affirm the district court and deny Knight’s request for equitable tolling.