Opinion by Judge RAWLINSON; Dissent.by Judge BYBEE.
OPINION
RAWLINSON, Circuit Judge:
California state prisoner Steven Pelesa-sa Fue (Fue) appeals the district court’s dismissal, as untimely, of his petition for a writ of habeas corpus, filed pursuant to the Antiterrorism and Effective Death Penalty Act (the Act), 28 U.S.C. § 2254. Fue contends that he is entitled to equitable tolling because the state court never notified him that it had denied his state-habeas petition. The district court held that Fue was not entitled to equitable tolling because he did not act diligently in waiting fourteen months before inquiring into the status of his petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we agree with the district court’s conclusion that Fue failed to act with the requisite diligence.[1]

1. BACKGROUND

Fue’s habeas petition challenges his 2007 convictions for armed carjacking. Under the Act, Fue had one year from the date his convictions became final to file a federal habeas corpus petition. See 28 U.S.C. § 2244(d). His convictions became final on or about May 19, 2009, ninety days after the California Supreme Court denied his petitions for review on direct appeal. See Sossa v. Diaz, 729 F.3d 1225, 1227 (9th Cir.2013). Six months later, on November 19, 2009, Fue filed a state petition for a writ of habeas corpus in the California Supreme Court, thereby tolling the one-year limitations period while his state post-conviction petition was pending. See 28 U.S.C. § 2244(d)(2). On May 20, 2010, the California Supreme Court denied the state habeas petition. What happened next is relevant to Fue’s equitable tolling claim.
According to Fue, the California Supreme Court never notified him that it had denied his state habeas petition. After waiting fourteen months for a decision, on January 31, 2011, Fue mailed a letter to the California Supreme Court to inquire into the status of his case. By letter dated February 3, 2011, the Clerk of the California Supreme Court informed Fue that his habeas case was no longer active.[2]
*1117 Fue’s federal habeas petition, filed on March 7, 2011, was dismissed as untimely. In this timely appeal, Fue contends that the district court misapplied the doctrine of equitable tolling when determining the timeliness of his federal habeas petition. We do not agree.

II. STANDARDS OF REVIEW

We review a district court’s dismissal of a petition for a writ of habeas corpus for failure to comply with the applicable one-year statute of limitations de novo. See Sossa, 729 F.3d at 1229. If the underlying facts are undisputed, the question whether the statute of limitations should be equitably tolled is reviewed de novo. See id.; see also Gibbs v. Legrand, 767 F.3d 879, 890-93 (9th Cir.2014) (reviewing the district court’s diligence determination de novo). Otherwise, a district court’s findings of fact are reviewed for clear error. See Sossa, 729 F.3d at 1229.

III. DISCUSSION

A prisoner seeking equitable tolling bears the burden of showing (1) that an extraordinary circumstance prevented the timely filing of his habeas petition and (2) that he diligently pursued his rights. See Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Lack of knowledge that the state court has reached a decision on his state habeas petition may constitute an extraordinary circumstance so as to justify equitable tolling if the prisoner has acted diligently. See Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir.2009). In order to determine whether Fue is entitled to such tolling, we consider “(1) on what date [Fue] actually received notice; (2) whether [Fue] acted diligently to obtain notice; and (3) whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible.” Id. at 998 (citations omitted).
Only the second consideration is at issue in this appeal. We must decide whether a prisoner who waits fourteen months before inquiring into the status of his state habeas petition has acted with sufficient diligence to apprise himself of the status of his pending proceedings. While the availability of equitable relief commends a flexible, case-by-case approach, we permissibly look to how other courts have evaluated various delays to inform our reasonable diligence inquiry. Holland, 560 U.S. at 650, 130 S.Ct. 2549 (recognizing that “courts of equity can and do draw upon decisions made in other similar cases”). A brief survey of similar cases in other circuits reflects that courts have generally determined that a prisoner who delayed fewer than ten months before inquiring into the status of his case acted with sufficient diligence. See Diaz v. Kelly, 515 F.3d 149, 155-56 (2d Cir.2008) (nine months); see also Miller v. Collins, 305 F.3d 491, 495-96 (6th Cir.2002) (same). On the other hand, a prisoner who delayed sixteen months and more was deemed not to have acted with sufficient diligence. See LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir.2005) (twenty-one months); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir.2002) (nearly two years); Drew v. Dep’t of Corr., 297 F.3d 1278, 1288 (11th Cir.2002) (sixteen months). While not dispositive, Fue’s delay of fourteen months before inquiring into the status of his state habeas petition is closer to the majority of cases finding a lack of reasonable diligence.
Unlike our dissenting colleague, we easily see how waiting fourteen months before inquiring about the status of his state court petition was unreasonable in *1118 these circumstances. Although no statute or rule requires prisoners to seek periodic updates from the California Supreme Court, reasonable diligence requires action on the part of the petitioner — including one appearing pro se. See Diaz, 515 F.3d at 155 (suggesting that a pro se litigant should inquire “as to whether a pending motion has been decided” after “a substantial period of time has elapsed,” in that case nine months); see also Miller, 305 F.3d at 496 (noting that the pro se petitioner “did not passively await decision,” but acted reasonably in filing a motion asking the court to rule on his application after approximately nine months); Drew, 297 F.3d at 1288 (criticizing the pro se petitioner for sending only one letter inquiring about this case); Emp. Painters’ Trust v. Ethan Enters., 480 F.3d 993, 997 n. 7 (explaining that diligence requires “keeping apprised of recent filings”).
The dissent inquires why we would require habeas petitioners to pursue a “steady stream of correspondence” regarding filings that have been pending for a considerable time. Dissenting Opinion, p. 1121. The answer is obvious: to demonstrate the required diligence on the part of the habeas petitioner. Cf. Drew, 297 F.3d at 1288 (criticizing the sending of only one letter).
The dissenting opinion rests its analysis largely on the failure of the California Supreme Court to notify Fue of its decision. See Dissenting Opinion, pp. 1122-23. However, the failure of the court to notify Fue of its decision has absolutely nothing to do with Fue’s diligence. Rather, the failure of the court to notify Fue satisfied the extraordinary circumstances prong of the equitable tolling equation. See Ramirez, 571 F.3d at 997 (“We agree with our sister circuits that a prisoner’s lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently ... ”) (citations and internal quotation marks omitted) (emphasis added). The diligence requirement is separate and apart from the extraordinary circumstances requirement. The extraordinary circumstances requirement focuses on the action(s) of a party or parties outside the petitioner’s control. See Sossa, 729 F.3d at 1229 (describing extraordinary circumstances as those circumstances “beyond a prisoner’s control” and attributable to “an external force”). The diligence requirement focuses squarely on the habeas petitioner’s actions, or lack thereof. See Holland, 560 U.S. at 649, 130 S.Ct. 2549 (clarifying that a habe-as petitioner warrants equitable tolling only if “he has been pursuing his rights diligently”) (citation omitted) (emphasis added).
We readily acknowledge that we previously determined in Huizar v. Carey, 273 F.3d 1220, 1224 (9th Cir.2001), that a prisoner was diligent despite a longer delay. However, in Huizar, the prisoner engaged in a “steady stream of correspondence” with a non-responsive court. Id. The prisoner first contacted the court two months after he delivered his state habeas petition to prison officials. See id. Twenty-one months later, after receiving no response from the court, the prisoner had his sister mail a second copy of the petition by certified mail. See id. After five months more of waiting, the prisoner sent yet another letter to the court, his fourth mailing. See id. It was the prisoner’s “steady stream of correspondence ... [that] show[ed] reasonable diligence on his part.” Id.
There is really no credible comparison to be made between Huizar and Fue. Hui-zar was also entitled to rely on notice from the California court. But he didn’t just wait for notice from the court. He under *1119 took an investigation within a reasonable time after he expected a decision to have been rendered.[3] By contrast, Fue sat on his hands and did not bother to inquire into the status of his petition, even.after “a substantial period of time” — more than a whole year — “elapsed.” Cf. Diaz, 515 F.3d at 156 (involving less than a year delay). In addition, Huizar didn’t stop with only one mailing to the state court. Although the dissent takes issue with a “steady stream of correspondence” as reflecting due diligence, see Dissenting Opinion, p. 1121, we explicitly held that Huizar’s “steady stream of correspondence ... would show reasonable diligence on his part.” Huizar, 273 F.3d at 1224.
Our colleague in dissent seeks to characterize our holding in Huizar as sanctioning a delay of twenty-one months in contacting the state court. See Dissenting Opinion, p. 1123. However, that characterization completely ignores Huizar’s initial inquiry after two months, and Huizar’s “steady string of correspondence” thereafter that persuaded us that Huizar was reasonably diligent. See Huizar, 273 F.3d at 1224. Fue’s single inquiry after fourteen months comes nowhere close to the diligence exercised by Huizar. Cf. Drew, 297 F.3d at 1288 (concluding that the sending of a single letter did not establish reasonable diligence).
Fue simply did not display diligence similar to that displayed by Huizar. Rather, he waited fourteen months before initially inquiring into the status of his state habeas petition. There was no indication in the record that any impediment prevented Fue from inquiring earlier about the status of his habeas petition. The dissenting opinion seeks to blunt the force of Fue’s dilatoriness by pointing to the relative alacrity of Fue’s filing in federal court after receiving notice from the state court. See Dissenting Opinion, p. 1124. However, it is the pre-notice lack of diligence that dooms Fue’s claim of diligence. See Huizar, 273 F.3d at 1224 (focusing on pre-notice diligence). Fue’s unwarranted delay persuades us that he failed to act with sufficient diligence to justify application of the equitable tolling doctrine. See Emp. Painters’ Trust, 480 F.3d at 999 n. 7 (“Once a party appears in a civil action it is responsible for the diligent presentation of its case, which includes, inter alia, keeping apprised of recent filings ... ”).[4]
Finally, the dissent takes issue with the “fine line” drawn by our holding. Dissenting Opinion, pp. 1124-25. However, our colleague in dissent would also draw a line. He merely prefers that the line be drawn on the other side of the facts in this case. The fact of the matter is that regardless of *1120 where the line is drawn, cases will fall on either side of the line. We are persuaded that our conclusion is more consistent with the purpose of the Act, to “encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.... ” Baek v. Long, No. 13CV421-MMA(BLM), 2013 WL 6587873, at *4 (S.D.Cal. Dec. 16, 2013) (quoting Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.2003)).
The dissent speculates that if Fue had been more diligent by six weeks, “perhaps then the majority would say he was sufficiently diligent.” Dissenting Opinion, p. 1124. Perhaps so. But that is not the case before us. Fue did not inquire of the state court six weeks earlier, and we are persuaded that the length of his delay and the attendant circumstances place his case squarely on the non-diligent side of the scale.
We are not persuaded by the dissent’s reliance on Hardy v. Quarterman, 577 F.3d 596 (5th Cir.2009), see Dissenting Opinion, p. 1125. The delay in Hardy was eleven months as opposed to the considerably longer period of fourteen months here. Performing the same line-drawing analysis we have undertaken, the Fifth Circuit concluded that the eleven-month delay was closer to the eight-month delay in one case than to the thirty-month delay in a different case. See Hardy, 577 F.3d at 599. It is also completely understandable that the Fifth Circuit would consider a delay of eleven months to be comparable to the delay of nine months discussed in Diaz and Miller. The Fifth Circuit was not called upon to decide the diligence of a habeas petitioner who delayed longer, and we do not know how it would have ruled. But we do know that at least two district courts in California have determined that delays similar to Fue’s reflected a lack of reasonable diligence. See Baek, 2013 WL 6587873, at *5 (holding that a delay of thirteen months “does not constitute the required diligence”) (citations and footnote reference omitted); see also Retano v. Janda, No. CV 12-8214-GW (OP), 2013 WL 6499702, at *4 (C.D.Cal. Dec. 10, 2013) (concluding that a delay of approximately fifteen months “indicate[d] a lack of diligence”). Fue’s fourteen-month delay falls squarely between these two California federal court decisions finding a lack of diligence.
We can dispose of the dissent’s reliance on Knight v. Schofield, 292 F.3d 709 (11th Cir.2002), in short order. See Dissenting Opinion, pp. 1125-26. As the dissent acknowledges, the Eleventh Circuit almost immediately distinguished Knight. See Dissenting Opinion, p. 1125 n. 4; see also Drew, 297 F.3d at 1288 & n. 3 (distinguishing Knight and concluding that a sixteen-month delay reflected a lack of diligence). Although the dissent takes issue with the basis upon which the Eleventh Circuit distinguished its prior precedent, see Dissenting Opinion, p. 1125 n. 4, the fact remains that Knight was distinguished by the same court that authored it.
' The dissent accuses both the majority and the Eleventh Circuit of relying “on an instinctive sense of what seems like a long time ...” Dissenting Opinion, p. 1126 (emphasis in the original). However, the exact same point could be made regarding the dissent’s view.
At bottom, comparing the facts of this case to those within and without our circuit leads, us to the conclusion that the district court committed no error in denying Fue’s request for equitable tolling, In particular, unlike the prisoner in Huizar, Fue took no initiative to inquire about the status of his petition within a time frame we and other courts have recognized as reasonably dili *1121 gent. The district court properly dismissed Fue’s petition as untimely.
AFFIRMED.

. We have no quarrel with the principle that equitable tolling may require us to calculate time with the awareness that special treatment may be warranted "in an appropriate case.” Dissenting Opinion, p. 1121 (quoting Holland v. Florida, 560 U.S. 631, 650, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)). We simply disagree that Fue’s case is "special.”

. The dissent takes the position that this letter was deceptive. See Dissenting Opinion, p. 1123-24. We disagree. Informing a habeas petitioner that his case is no longer active conveys that there are no pending matters before the court.

. Although the Huizar opinion did not so explain, superior courts in California at the time Huizar filed his state petition were required to "rule on a petition for writ of habeas corpus within 30 days after the petition [was] filed.” Cal. R. Ct. 4.551 (a)(3)(A)(1996); see also Cal. R. Ct. 4.550(a) (providing that Rule 4.551 "applies to habeas corpus proceedings in the superior court”); Jackson v. Superior Court, No. B164449, 2003 WL 22146535, at *1 (Cal.Ct.App. Sept. 18, 2003) (applying the 30-day rule). Judge Bybee correctly observes that the California Supreme Court does not have an analogous deadline for ruling on ha-beas petitions, so Fue did not know exactly when the court would issue its opinion. Dissenting Opinion, p. 1122 n. 1. But that fact is quite beside the point. Fue was undeserving of equitable tolling regardless of what he knew (or didn't know) about his petition because it was unreasonable for him not to take any action to investigate its status for as many as fourteen months after filing.

. The fact that Fue's case has been pending in this Court for over fourteen months, see Dissenting Opinion, p. 1126 n. 5, in no way excuses his lack of diligence in the state court. See Emp. Painters' Trust, 480 F.3d at 999 n. 7 (requiring a litigant to keep track of court filings).