NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCUS LANCASTER,

Petitioner-Appellant,

v.

RON DAVIS, Warden, California State
Prison at San Quentin,

Respondent-Appellee.

No.    20-55797

D.C. No.
2:11-cv-04340-VBF-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted April 17, 2023
Pasadena, California

Before:  WARDLAW and H.A. THOMAS, Circuit Judges, and ROSENTHAL,[**]
District Judge.

Marcus Lancaster appeals the district court's dismissal of his fourth

amended petition for a writ of habeas corpus ("Fourth Amended Petition")

challenging his state conviction of attempted willful, deliberate, and premeditated

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

murder. Lancaster argues that the district court erred in dismissing the claims he asserted for the first time in his first amended petition ("Amended Petition") as time-barred because (1) he was entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations through June 10, 2013, and (2) he was entitled to a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

Because the facts underlying the claim for equitable tolling are undisputed, we review the district court's denial of equitable tolling de novo. *Milam v. Harrington*, 953 F.3d 1128, 1131 (9th Cir. 2020). "We review the district court's denial of a stay and abeyance for abuse of discretion." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Exercising jurisdiction under 28 U.S.C. § 2253(c), we reverse.

1. The district court erred in holding that Lancaster was not entitled to equitable tolling through the filing of the Amended Petition on June 10, 2013. A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d), "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Grounds for equitable tolling are "highly fact-dependent," *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013)

2

(citation omitted), and "may be guided by decisions made in other similar cases," *id.* at 1230 (internal quotation marks and citation omitted).

The magistrate judge's January 6, 2012, and September 4, 2012, orders created an "extraordinary circumstance" that prevented Lancaster from timely filing the Amended Petition. The January 6, 2012, order strongly indicated that the magistrate judge would not entertain requests to amend until the initial timeliness proceedings were resolved, precluding Lancaster from obtaining the leave required to file the Amended Petition. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a)(2). The magistrate judge then did not hold an evidentiary hearing on timeliness until June 18, 2012, and did not make his recommendation until August 3, 2012, well past the May 8, 2012, statute of limitations deadline. Once the statutory period expired, Lancaster could only amend his petition with a new claim "if [it] share[d] a 'common core of operative facts' with the claims in the pending petition." *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009) (citation omitted). Thus, in effect, Lancaster "could [not] have filed his [new] claim[s], despite the extraordinary circumstance, before the limitations period expired." *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) (en banc).

In addition, the September 4, 2012, order and the subsequent orders granting extensions of time "affirmatively misled" Lancaster into believing any new claims asserted in the Amended Petition would be timely when filed on June 10, 2013.

3

*Sossa*, 729 F.3d 1233. As in *Sossa*, the magistrate judge's order conveyed to Lancaster that the court would accept an amended petition. *Id.* at 1231–33. And the orders granting extensions of time indicated that the court would consider an amended petition timely through June 10, 2013. *Id.* at 1233 ("No litigant, *pro se* or otherwise, asks for an extension of time to file an *untimely* petition."). Moreover, Lancaster exercised the requisite "reasonable diligence" by filing the Amended Petition in accordance with the September 4, 2012, order and the extensions of time. *Id.* at 1229 (quoting *Holland*, 560 U.S. at 653). As a result, Lancaster's reliance on the magistrate judge's successive orders entitles him to equitable tolling through June 10, 2013.

2. The district court abused its discretion in denying Lancaster a *Rhines* stay in connection with the Amended Petition. Under *Rhines*, it is "an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278; *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015).

Lancaster demonstrated "good cause" for failing to exhaust the claims asserted for the first time in the Amended Petition. A showing of good cause requires that a petitioner "set forth a reasonable excuse, supported by sufficient

4

evidence, to justify [his] failure" to exhaust. *Blake*, 745 F.3d at 982. Lancaster proceeded *pro se* in his initial state post-conviction proceedings in 2007 and early 2011, as well as in the filing of his original federal petition. This absence of state post-conviction counsel "is sufficient to establish good cause" for failing to exhaust the new claims while he was unrepresented. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017).

Although Lancaster received appointed counsel beginning on November 15, 2011, the same court orders that warrant equitable tolling demonstrate continued good cause. *Cf. Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (explaining that good cause requires a lesser showing than the "extraordinary circumstances" standard for equitable tolling). Lancaster's counsel was appointed while the timeliness proceedings were pending. Because the January 6, 2012, order indicated that the magistrate judge would not entertain an amended petition or motions to stay until those proceedings were resolved, it was not clear if or when the court would entertain amended claims or consider them timely. As such, Lancaster's counsel had good cause to postpone exhausting the new claims in state court until the timeliness proceedings were resolved and Lancaster was permitted to file the Amended Petition.

In addition, "at least one of [Lancaster's] unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d at 722 (citation omitted). For instance, Lancaster

5

was arguably deprived of counsel during a "critical stage" of the proceedings when the jury asked for clarification on the standard for intent. *See Musladin v. Lamarque*, 555 F.3d 830, 839–43 (9th Cir. 2009); *United States v. Cronic*, 466 U.S. 648, 659 (1984). And it is arguable that the state's evidence was not sufficient to convict Lancaster of attempted willful, deliberate, and premeditated murder. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *People v. Villegas*, 92 Cal. App. 4th 1217, 1223–24 (2001) (explaining that a conviction under Cal. Pen. Code §§ 187, 664 includes consideration of "(1) prior planning activity; (2) motive; and (3) the manner of killing").

Finally, there is no evidence that Lancaster engaged in "intentionally dilatory litigation tactics." *See Dixon*, 847 F.3d at 723 (quoting *Rhines*, 544 U.S. at 278). As a result, Lancaster is entitled to a *Rhines* stay for the unexhausted claims alleged in his Amended Petition. Thus, the district court abused its discretion in holding that Ground One, subclaims (a) and (c);[1] Ground Three, subclaim (b); Ground Four; and Ground Seven of the Fourth Amended Petition

---

[1] Ground One, subclaim (d) in the Fourth Amended Petition was also unexhausted when alleged for the first time in the Amended Petition. However, the district court did not specifically dismiss this claim as untimely or dismiss it on the merits. Consistent with this memorandum, the district court should consider Ground One, sub-claim (d) timely on remand.

were not timely filed.[2]

**REVERSED AND REMANDED.**

---

[2] Because these claims are now considered timely, we remand to the district court to consider them on the merits. To the extent that the district court already ruled on the merits of any of the now-timely claims, we decline to certify review of any merits issues until the district court has reached all the now-timely claims in the first instance.