**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANTHONY RAMIREZ,
      *Petitioner-Appellant,*

v.

JAMES A. YATES,
      *Respondent-Appellee.*

No. 07-15087

D.C. No.
CV-03-01817-RMW

OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted
June 8, 2009—San Francisco, California

Filed July 10, 2009

Before: Procter Hug, Jr., Betty B. Fletcher and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

**COUNSEL**

Maitreya Badami, San Francisco, California, for the petitioner-appellant.

Juliet B. Haley, Office of the Attorney General of the State of California, San Francisco, California, for the respondent-appellee.

**OPINION**

HAWKINS, Circuit Judge:

Anthony Ramirez ("Ramirez") appeals the denial of his 28 U.S.C. § 2254 habeas petition as untimely, arguing that he is entitled to both statutory tolling under 28 U.S.C. § 2244(d)(2) and equitable tolling that together would render his petition timely filed; or, in the alternative, to the commencement of a new limitations period under 28 U.S.C. § 2244(d)(1)(B)

because he was denied access to library materials, which new commencement would also render his petition timely filed. Rejecting his § 2244(d)(1)(B) claim, but concluding that the district court must undertake further factfinding to resolve whether Ramirez is entitled to equitable tolling, we vacate and remand.

## I. BACKGROUND

Ramirez was charged and convicted in a jury trial of residential burglary. He was sentenced to fifty-years-to-life in state prison on the basis of his three prior convictions for first degree burglary, one prior conviction for attempted first degree burglary, one prior conviction for attempted second degree burglary, and one prior conviction for the sale of narcotics. Direct appeals were unsuccessful, and the state court judgment became final on May 21, 2002.

Absent any tolling, the limitations period for a timely federal habeas corpus petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") would have expired on May 21, 2003. Ramirez filed his first federal habeas petition on June 16, 2004, or 391 days past the running of the untolled limitations period.

A range of dates are relevant to determining whether the limitations period was sufficiently tolled to render Ramirez's petition timely. The time line is as follows:

- On April 4, 2002, Ramirez delivered his first post-conviction state habeas petition. The petition was filed on April 9, 2002.[1]

---

[1] "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court," not when the petition is filed by the court. *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

• On May 8, 2002, the California Superior Court denied Ramirez's first state habeas petition. Ramirez alleges he did not receive notice of the denial of his first habeas petition until either July 22, 2002 or August 1, 2002.

• On May 21, 2002, Ramirez's conviction became final.

• On December 28, 2002, Ramirez delivered his state coram nobis petition attacking a prior 1983 conviction used to enhance his sentence. The petition was filed on January 6, 2003.

• On February 5, 2003, the California Superior Court denied the coram nobis petition.

• On February 13, 2003, Ramirez delivered his appeal of the denial of the coram nobis petition. The appeal was filed on February 18, 2003.

• On February 26, 2003, Ramirez was attacked in prison and taken to the hospital, from which point forward he alleges he was denied access to his legal materials.

• On March 17, 2003, the California Court of Appeal dismissed Ramirez's appeal of the denial of his coram nobis petition as unappealable.

• On March 22, 2003, Ramirez was discharged from the infirmary and placed in protective administrative segregation, during which time he alleges he had no access to his legal materials.

• On April 14, 2003, Ramirez delivered a letter to the federal district court requesting an order that would require prison officials to return Ramirez's

legal work to him. The letter was filed on April 24, 2003 and docketed by the court clerk as a "complaint."

- On July 11, 2003, Ramirez was given back his legal work.[2]

- On July 31, 2003, Ramirez delivered an extensive fifteen-page motion and four-page declaration in federal district court seeking equitable tolling of the AEDPA limitations period from the time of his attack forward. The motion was filed on August 5, 2003.

- On September 30, 2003, Ramirez filed a success-ful discovery motion in the California Superior Court.

- On October 1, 2003, Ramirez was released from administrative segregation and returned to the general prison population.

- On December 28, 2003, Ramirez filed a second state habeas petition in California Superior Court. The petition was filed on January 2, 2004 and

---

[2]Ramirez claims for the first time on appeal that he "was denied access to his legal files" during his *entire* period of administrative segregation, until October 1, 2003, probably because the district court found that "Peti-tioner gained access to his legal materials on or about October 1, 2003 after he was placed in the general population at Pleasant Valley State Pris-on."

That finding of fact was clearly erroneous, if not simply an inadvertent misstatement. The undocumented October date is directly contradicted by Ramirez's sworn statement filed in the district court on July 31, 2002, stat-ing that he had regained access to his legal materials earlier that month. Moreover, the district court later acknowledged that the parties agreed Ramirez "was without his legal work . . . for one hundred and thirty-five (135) days, from February 26, 2003 through July 11, 2003."

remained pending in the California courts until March 2, 2005, when the California Supreme Court denied the petition.

- On June 14, 2004, Ramirez filed the present § 2254 federal habeas petition.[3]

- On September 28, 2006, the district court denied the petition as untimely, rejecting Ramirez's claims for equitable and statutory tolling; Ramirez timely appealed.

## II.   STANDARD OF REVIEW

We review de novo the denial of a § 2254 habeas petition as untimely. *See, e.g.*, *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006). Underlying findings of fact are reviewed for clear error. *Id.*

## III.   DISCUSSION

### A.   Equitable Tolling

AEDPA sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment. 28 U.S.C. § 2244(d)(1). This limitations period is sub-

---

[3]Although the record is clear that Ramirez filed his first § 2254 petition on June 14, 2004, Ramirez misleadingly claims on appeal that he filed a "motion to vacate . . . under 28 U.S.C. section 2254" on April 24, 2003. There is no question that the April 24, 2003 filing was not a petition for habeas corpus; it was a letter to the district court requesting "an order to issue regarding [access to] my legal work" and a tolling of AEDPA's statute of limitations. The Supreme Court has made clear that a filing that "[does] not seek any relief on the merits or place the merits of [a would-be petitioner]'s claims before the District Court for decision" is not a habeas petition capable of satisfying AEDPA's statute of limitations. *Woodford v. Garceau*, 538 U.S. 202, 210 n.1 (2003). The district court therefore properly concluded that Ramirez did not file a § 2254 petition until June 14, 2004.

ject to equitable tolling. *See, e.g.*, *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). To receive equitable tolling, " '[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.' " *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (quoting *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006)). The petitioner must additionally show that " 'the extraordinary circumstances were the cause of his untimeliness,' " *id.* (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)), and that the " 'extraordinary circumstances ma[de] it impossible to file a petition on time,' " *Roy*, 465 F.3d at 969 (quoting *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997)).

### 1. May 21, 2002 to August 1, 2002

Ramirez first argues he is entitled to equitable tolling during the 73-day period between May 21, 2002, when his state court conviction became final, and August 1, 2002, the latest date on which he was allegedly notified by the state courts of the denial of his state habeas petition.

[1] We agree with our sister circuits that "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *amended in part*, 223 F.3d 797 (5th Cir. 2000)); *see also Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008) (noting that the Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits "have concluded that prolonged delay by a state court in sending notice of a ruling that completes exhaustion of state court remedies can toll the AEDPA limitations period," and citing cases). To determine whether Ramirez is entitled to such tolling between May 21, 2002 and August 1, 2002, we remand to the district court to determine (1) on what date Ramirez actually received notice;

(2) whether Ramirez acted diligently to obtain notice, *Wood-ward*, 263 F.3d at 1143; and (3) whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible, *Roy*, 465 F.3d at 969 (citations omitted).

### 2. *February 26, 2003 to July 11, 2003*

Ramirez claims equitable tolling for 135 days between February 26, 2003 (when he was attacked by a fellow inmate, taken to the hospital, and subsequently placed in administrative segregation and not allowed access to his legal materials) and July 11, 2003 (when Ramirez claims he regained access to his legal materials).

**[2]** While the district court is correct that Ramirez did "not identify a single document in storage without which he could not file a habeas petition," we have previously held that a complete lack of access to a legal file may constitute an extraordinary circumstance, and that it is "unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (internal alteration and quotations omitted). Because, according to *Espinoza-Matthews*, Ramirez's lack of access to his legal file *may* warrant equitable tolling during this period, we remand to the district court to determine whether: (1) the lack of access to his legal file made a timely filing impossible, and (2) Ramirez pursued his rights diligently.

### 3. *July 11, 2003 to October 1, 2003*

**[3]** We have little difficulty determining that Ramirez is not entitled to equitable tolling from July 11, 2003 through October 1, 2003, simply because he remained in administrative segregation and had limited access to "the law library [and] copy machine." Ordinary prison limitations on Ramirez's access to the law library and copier (quite unlike the denial

altogether of access to his personal legal papers) were neither "extraordinary" nor made it "impossible" for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—according to Ramirez's theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well.

Our conclusion here finds substantial support in the observation that during the same period of time Ramirez claims that he was "unable to prepare" his federal habeas petition due to limited library and copier access, he filed a lengthy and well-researched motion in federal court requesting the limitations period be tolled, and a successful discovery motion in the California Superior Court. Ramirez offers no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition but not these other substantial legal filings. Accordingly, Ramirez is not entitled to equitable tolling from July 11, 2003 through October 1, 2003.

## B. Statutory Tolling

AEDPA also provides for statutory tolling during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

### 1. December 28, 2002 to March 17, 2003

[4] Ramirez argues he is entitled to statutory tolling between December 28, 2002, when he delivered his petition for a writ of coram nobis challenging his 1983 "strike" conviction, and March 17, 2003, when his appeal of the denial of the writ was dismissed. If properly filed, the coram nobis petition tolled the limitations period. *See Smith v. Duncan*, 297

F.3d 809, 813-14 (9th Cir. 2002) (holding that a collateral attack on a prior "enhancement" conviction constitutes a "challenge [to] either 'the pertinent judgment or claim' " within the meaning of § 2244(d)(2) (quoting *Dilworth v. Johnson*, 215 F.3d 497, 500-01 (5th Cir. 2000)).

The state argues that statutory tolling is inappropriate during the entire pendency of the coram nobis petition because it was not "properly filed" within the meaning of § 2244(d)(2). In its view, this case is controlled by *Bonner v. Carey*, 425 F.3d 1145 (9th Cir. 2005), which held that a California petition for habeas corpus is not properly filed when filed after "substantial delay" unless the petitioner establishes "good cause" for the delay. *Id.* at 1148 (citing *In re Gallego*, 959 P.2d 290 (Cal. 1998)). Ramirez's petition was not properly filed, according to the state, because the California court dismissed the petition on the basis that Ramirez "has not explained why he has delayed almost twenty years."

**[5]** *Bonner* does not apply here, however, because that case turned on the California rules for filing habeas corpus, and not coram nobis, petitions. Here, the California Superior Court applied a different standard from that in *Bonner*, one that required Ramirez to prove he used "due diligence [to discover] the facts upon which he relies" for relief. It denied the petition, not because it was untimely, but because he failed to "allege the time and circumstances under which the new facts were discovered in order to demonstrate that he has proceeded with due diligence." The court, in other words, determined that Ramirez "had [not] made the requisite showing" to warrant relief.

**[6]** Ramirez's petition was properly filed because California's requirement to show "due diligence" is plainly "a condition to obtaining relief" and not "a condition to filing." *See Artuz v. Bennett*, 531 U.S. 4, 10 (2000). As the Supreme Court has explained, failing to meet all the elements of a court's "rule of decision" does not render a petitioner's papers

improperly filed; rather, it renders them without merit. *Id.* Here, the state court rendered a decision on the merits with respect to Ramirez's properly filed petition—Ramirez neither "made the requisite showing" nor "demonstrated prejudice" necessary for relief. Because the petition was properly filed, Ramirez is entitled to statutory tolling for 39 days from December 28, 2002 to February 5, 2003.

Ramirez is not entitled to statutory tolling during the pendency of his appeal from the denial of the coram nobis petition, however, because the California Court of Appeal concluded that "[t]he challenged ruling is not appealable because the underlying petition failed to state a prima facie case for relief." *See People v. Totari*, 50 P.3d 781, 786 n.4 (Cal. 2002). Because the denial of the writ was determined to be not appealable in this case, Ramirez's appeal was not properly filed and the pendency of the appeal did not toll the limitations period.

### 2. *September 20, 2003 to December 28, 2003*

**[7]** Ramirez's discovery motions (filed on September 30, 2003 and November 1, 2003 and independently of the second state habeas petition) did not statutorily toll the limitations period. His discovery motions "did not challenge his conviction," but simply "sought material he claimed might be of help" in later state proceedings. *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001). We agree with the Second Circuit that "if a filing of that sort could toll the AEDPA limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions." *Id.* Moreover, "[i]f a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending." *Id.* Accordingly, Ramirez's limitations period was not

statutorily tolled between September 20, 2003 and December 28, 2003.

### 3. *December 28, 2003 to March 5, 2005*

Ramirez finally suggests that he is entitled to statutory tolling between December 28, 2003 and March 2, 2005, during the pendency of his second state habeas petition. Assuming the limitations period were equitably tolled for 73 days from May 21, 2002 through August 1, 2002; for 135 days from February 26, 2003 through July 11, 2003; and statutorily tolled for 39 days from December 28, 2002 to February 5, 2003, then Ramirez's time to file his federal habeas petition expired on January 23, 2004 (247 days after May 21, 2003). Ramirez delivered his second state habeas petition on December 28, 2003, possibly within his federal limitations period, and therefore may be entitled to statutory tolling through March 5, 2005—but only if he is also entitled to equitable tolling during the relevant periods discussed above.

[8] Whether Ramirez's petition was timely filed therefore depends on whether he is entitled, as a factual matter, to equitable tolling between May 21, 2002 and August 1, 2002, and between February 26, 2003 and July 11, 2003. If equitable tolling is unwarranted during either period, then the petition must be dismissed as untimely. We note, however, that Ramirez need not prove that the two "extraordinary circumstances" that he alleges prevented him from filing a timely petition each *independently* made a timely filing "impossible." It is enough to show that the two circumstances *together* made a timely filing impossible.

### C. Commencement of a New Limitations Period Beginning October 1, 2003

AEDPA provides that if "the applicant was prevented from filing" a federal habeas petition by an "impediment . . . created by State action in violation of the Constitution or laws of

the United States," the limitations period will commence anew from "the date on which the impediment to filing . . . is removed." 28 U.S.C. § 2244(d)(1)(B). Ramirez argues that he is entitled to the commencement of a new limitations period beginning on October 1, 2003, because his placement in administrative segregation and its attendant limitations on his access to his legal file and the prison law library amounted to an unlawful impediment to his " 'constitutional right of access to the courts.' " *See Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

**[9]** Although similar in style, Ramirez's 28 U.S.C. § 2244(d)(1)(B) claim must satisfy a far higher bar than that for equitable tolling. He may be entitled to equitable tolling during the period he was without his legal materials if the deprivation of his legal materials made it impossible for him to file a timely § 2254 petition in federal court. There is no constitutional right to file a timely § 2254 petition, however—Ramirez is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his placement in administrative segregation altogether prevented him from presenting his claims in *any* form, to *any* court. *See generally Lewis*, 518 U.S. at 350-51.

**[10]** Ramirez cannot make this showing. In the first place, in the time before February 26, 2003 and after October 1, 2003, Ramirez filed three state petitions presenting his constitutional claims in various forms to competent state courts. What is more, during the same period he suggests the state's action unconstitutionally denied him access to the courts, he filed an extensive and well-researched motion in federal court requesting AEDPA's limitations period be tolled and a successful discovery motion in the California Superior Court. Accordingly, Ramirez's administrative segregation did not deny Ramirez his "constitutional right of access to the courts." *Bounds*, 430 U.S. at 828.

## IV.   CONCLUSION

We vacate and remand with instructions to make the necessary findings of fact to resolve Ramirez's claims for equitable tolling for the periods between May 21, 2002 and August 1, 2002; and February 26, 2003 and July 11, 2003. If the district court determines that equitable tolling is unwarranted during either period, it must dismiss the petition as untimely. Otherwise, it should proceed to the merits.

**VACATED and REMANDED**. Each party to bear its own costs on appeal.