**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY RICHARD MARTINEZ,<br><br>Petitioner - Appellant,<br><br>v.<br><br>M. KNOWLES,<br><br>Respondent - Appellee. | No. 07-55625<br><br>D.C. No. CV-06-01039-RGK<br><br>MEMORANDUM [*] |
| TONY RICHARD MARTINEZ,<br><br>Petitioner - Appellant,<br><br>v.<br><br>M. KNOWLES,<br><br>Respondent - Appellee. | No. 07-56102<br><br>D.C. No. CV-06-01039-RGK |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, SILER,[**] and IKUTA, Circuit Judges.

In appeal no. 07-55625, Martinez's claim for equitable tolling fails because he did not sufficiently demonstrate that "extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (alterations and quotation marks omitted). Because "[o]rdinary prison limitations on [a petitioner's] access to the law library" are "neither 'extraordinary' nor made it 'impossible' for [the petitioner] to file his petition in a timely manner," *id.* at 998, Martinez is not entitled to equitable tolling for the period during which he was in prison lockdown and prevented from accessing the law library and necessary legal materials. Indeed, Martinez was able to file his untimely federal habeas petition during this period. Even if Martinez was entitled to equitable tolling for the eleven days he was denied access to his legal files, his habeas petition would still be untimely, because he filed his petition thirteen days late.

We lack jurisdiction to consider the merits of appeal no. 07-56102 because Martinez failed to appeal the district court's denial of his motion for an extension of time to file a late appeal (the "Denial Order"). "[A]n order denying a motion to

_____

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

file a late notice of appeal is itself appealable," *Diamond v. U. S. Dist. Ct.*, 661 F.2d 1198, 1198 (9th Cir. 1981), and Martinez's failure to file a notice of appeal, as required by Federal Rule of Appellate Procedure 3, "is fatal to an appeal," *Smith v. Barry*, 502 U.S. 244, 248 (1992). *See* 16A Charles Alan Wright et al., Federal Practice and Procedure § 3950.3, at 307 & n.130 (4th ed. 2008). Contrary to Martinez's argument, the Denial Order did not state that Martinez need not file a notice of appeal to the Denial Order. Rather, the Denial Order stated that Martinez need not file a "separate notice of appeal" to appeal the court's earlier denial of his habeas petition because Martinez's previously filed notice of appeal was sufficient.

Appeal no. 07-55625 **AFFIRMED**; appeal no. 07-56102 **DISMISSED FOR LACK OF JURISDICTION**.