**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER FLORES, | No. 09-15476 |
| Petitioner - Appellant, | D.C. No. 4:05-cv-03932-CAW |
| v. | |
| A. P. KANE and BEN CURRY, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Javier Flores appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Flores contends the district court erred by concluding that his federal habeas petition was untimely. The district court properly weighed the evidence concerning the filing date of Flores's federal habeas petition and did not err in determining the filing date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *see also Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001) (prison's log of outgoing mail provides "strong evidence" of the date a petitioner handed over his habeas petition to prison officials for mailing to the district court).

Flores is not entitled to equitable tolling because he has not demonstrated that an extraordinary circumstance beyond his control prevented him from timely filing his federal habeas petition. *See Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (attorney's miscalculation of limitations period and her negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library and copy machine). Because Flores is not entitled to equitable tolling, his federal habeas petition was untimely. *See* 28 U.S.C. § 2244(d)(1).

Finally, we construe Flores's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir.

R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**