FILED

DEC 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM ROBERT ROBINSON, | No. 08-55950 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01606-GHK-JWJ |
| v. | |
| JOHN C. MARSHALL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted December 6, 2010[**]

Before:     GOODWIN, RYMER, and GRABER, Circuit Judges.

California state prisoner Adam Robert Robinson appeals from the dismissal

of his 28 U.S.C. § 2254 habeas petition as untimely.  We have jurisdiction under

28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robinson contends that he is entitled to equitable tolling based on his inability to access the law library during extended prison lockdowns. This contention fails because Robinson did not demonstrate how limited access to the library was the cause of his failure to timely file his petition. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that limitations on access to the law library "were neither extraordinary nor made it impossible for him to file his petition in a timely manner") (internal citations omitted).

Robinson also contends that he is entitled to equitable tolling based on his pro se status and his belief that his appointed counsel was filing appropriate appeals. These contentions fail because pro se status is not, by itself, an extraordinary circumstance warranting equitable tolling, and because Robinson failed to present sufficient evidence that he was pursuing his rights diligently. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Ramirez*, 571 F.3d at 997-98 (9th Cir. 2009) (holding that the lack of knowledge of a state court decision provides grounds for equitable tolling only where prisoner otherwise evidenced diligence).

**AFFIRMED.**