FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABRAHAM SOTO,

              Petitioner - Appellant,

    v.

RAUL LOPEZ, Warden,

              Respondent - Appellee.

No. 12-55093

D.C. No. 2:10-cv-03525-AHM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

    California state prisoner Abraham Soto appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's decision

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

to dismiss a § 2254 petition as untimely, *see Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010), and we affirm.

Soto contends that he is entitled to equitable tolling because he lacked access to the law library and his legal materials while he was in administrative segregation and during a prison transfer. Soto has not demonstrated that these ordinary prison limitations amounted to an extraordinary circumstance beyond his control preventing him from timely filing his federal habeas petition. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling "simply because he remained in administrative segregation and had limited access to" law library and copy machine). Significantly, Soto filed a second state habeas petition with the California Supreme Court before the federal statute of limitations expired. *See id.* (observing that petitioner was able to file "other substantial legal filings" during time in which he was allegedly denied law library access). Moreover, the district court did not abuse its discretion in denying Soto an evidentiary hearing. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (district court properly denied petitioner's request for an evidentiary hearing on equitable tolling in part because the petitioner filed several state habeas petitions containing the same arguments presented in his federal habeas petition).

12-55093

Although we granted Soto's request for a certificate of appealability on the issue of whether the statute of limitations period was tolled during the pendency of Soto's May 29, 2009, state habeas petition filed in the California Supreme Court, he neglected to address this issue in his opening or reply briefs. Consequently, Soto has waived any argument that he is entitled to statutory tolling. *Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007).

**AFFIRMED.**