**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARIN JOHNSON, | No. 12-55312 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-03099-PSG-RNB |
| v. | |
| FRANK X. CHAVEZ, Warden-HDSP, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 9, 2014
Pasadena, California

Before: HAWKINS and GRABER, Circuit Judges, and SEDWICK,** District Judge.

Petitioner Darin Johnson appeals the district court's dismissal of his federal

habeas petition as untimely under 28 U.S.C. § 2244(d). Reviewing de novo,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable John W. Sedwick, Senior United States District Judge for the District of Alaska, sitting by designation.

Shannon v. Newland, 410 F.3d 1083, 1087 n.3 (9th Cir. 2005), we vacate and remand for further proceedings.

1. The district court did not err in declining to apply an alternate start date under 28 U.S.C. § 2244(d)(1)(B), which is a "far higher bar than that for equitable tolling." Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner has not shown that the prison's actions "altogether prevented him from presenting his claims in any form, to any court." Id. at 1001.

2. The district court erred by rejecting Petitioner's claim of equitable tolling without further factual development. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (holding that the inquiry is "highly fact-dependent" (internal quotation marks omitted)). For example, it is unclear from the existing record whether, during the several-month period of administrative segregation, Petitioner expressly sought to obtain his legal files or access the library and, if so, whether he was denied access. If the regulations allowed him access to his files and to library materials but he did not ask for them, equitable tolling would not be appropriate because no extraordinary circumstance prevented his filing and he failed to exercise diligence. See Holland v. Florida, 560 U.S. 631, 649 (2010) (describing the two requirements). But if the regulations did not allow access or if he asked but was denied, then equitable tolling may be appropriate.

2

See Espinoza-Matthews, 432 F.3d at 1027–28 (holding that a petitioner who was denied access to his legal files while in administrative segregation was entitled to equitable tolling); see also Lott v. Mueller, 304 F.3d 918, 924–25 (9th Cir. 2002) (applying equitable tolling where the prison applied a policy that inmates not have access to their legal files during a transfer).

Similarly, the relevant facts are unclear during the period from Petitioner's first pending library request until he filed the petition. The existing record does not disclose whether prison officials declined his library request for ordinary, legitimate penological reasons or if the prison officials, whether through neglect, ill will, or discrimination, created an "extraordinary circumstance [that] stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted); see Ramirez, 571 F.3d at 998 (holding that "[o]rdinary prison limitations on [a petitioner's] access to the law library" do not constitute "extraordinary circumstances"). The record also does not disclose why Petitioner declined to file his petition after receiving the needed form on March 16. If Petitioner was prevented from filing by an extraordinary circumstance and if he exercised "reasonable diligence," Holland, 560 U.S. at 653 (internal quotation marks omitted), then equitable tolling might be warranted for this period.

3

On remand, if the district court concludes that an extraordinary circumstance prevented a timely filing, the court should consider whether Petitioner exercised diligence by reference to our recent opinion in <u>Gibbs v. Legrand</u>, No. 12-16859, 2014 WL 4627991 (9th Cir. Sept. 17, 2014).  <u>See, e.g.</u>, <u>id.</u> at *10 ("[D]iligence <u>during</u> the existence of an extraordinary circumstance is the key consideration.").

In sum, we vacate the district court's dismissal and remand for further factual development and for the district court's reconsideration of equitable tolling in light of that development.  <u>See, e.g.</u>, <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam) ("[B]ecause the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record.").

**VACATED and REMAND for further proceedings.**  The parties shall bear their own costs on appeal.