NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFREDO CAMARGO, | No. 15-16014 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-02488-NVW |
| v. | |
| CHARLES L. RYAN; ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 12, 2016
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and BOULWARE,[**] District Judge.

The district court found the habeas corpus petition filed by Alfredo Camargo,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard F. Boulware, United States District Judge for the District of Nevada, sitting by designation.

an Arizona state prisoner, untimely under 28 U.S.C. § 2244(d). The district court found that Mr. Camargo's conviction became final on August 27, 2010, thirty days after July 28, 2010, when the state court issued an order granting a thirty-day extension of time to seek reconsideration or review of Camargo's direct appeal. His federal habeas petition was filed on December 3, 2013, outside the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which runs from the date a conviction became final. The district court found that Camargo was not entitled either to statutory tolling or equitable tolling of the statute of limitations. We reverse on the issue of equitable tolling and find Camargo's federal habeas petition to be timely.

1. Camargo pleaded guilty to various offenses on April 8, 2008. On August 16, 2008, Camargo filed a Notice of Post-Conviction Relief (PCR) with the Arizona Superior Court for the County of Maricopa. This form of proceeding is the only available form of direct appellate review under Arizona law for a defendant who has pleaded guilty. Ariz. R. Crim. P. 32.1. Camargo was appointed counsel, and counsel ultimately filed a Notice of Completion of Review, indicating the lack of an issue for review. The court ordered counsel to remain in an advisory capacity.

2. On August 11, 2009, Camargo filed a *pro se* PCR petition with the Superior Court, arguing ineffective assistance of trial and PCR counsel. In response to Camargo's petition, the state argued that Camargo waived his challenge to trial

2

counsel by pleading guilty, and that he had no right to counsel in his PCR proceeding. The Superior Court summarily dismissed Camargo's first PCR petition "for the reasons stated in the Response to the Petition" on July 7, 2010.

3. On July 26, 2010, Camargo's PCR advisory counsel filed a motion with the Arizona Superior Court, withdrawing from her advisory role and requesting "that the Rule 32.9 time limits for the filing of a Motion for Rehearing or Petition for Review of the Court's denial of [Defendant's] Petition for Post-Conviction Relief be extended an additional 30 days." The court granted the request on July 28, 2010. On August 30, 2010, Camargo filed a *pro se* Petition for Review with the Arizona Court of Appeals. On September 3, 2010, the Court of Appeals dismissed the Petition as "untimely," because it "was not filed within 30 days" of the trial court's denial of his petition, failing to take into account the extension granted. The State now concedes that this was error.

4. Camargo filed a second *pro se* PCR petition in Superior Court on September 24, 2010. This second PCR petition asserted ineffective assistance of counsel during Camargo's first round of PCR proceedings. The Superior Court dismissed the petition as untimely under Ariz. R. Crim. P. 32.4(a), interpreting it as only raising a claim of ineffective assistance of trial counsel. The State now concedes that this decision was incorrect and that the Superior Court should have recognized the

3

second PCR petition as timely raising a claim of ineffective assistance of counsel in the first PCR proceeding.

5. Camargo sought review of the denial of his second PCR petition in the Arizona Court of Appeals, arguing that his first and second PCR petitions were timely, and that he properly raised ineffective assistance of post-conviction counsel in his second PCR petition. The State responded that Camargo's second PCR petition was properly dismissed as successive. The state now concedes that its submitted argument was incorrect, because Camargo's second PCR petition was not successive as it properly raised the issue of ineffective assistance of counsel in his first PCR proceeding. The State now also acknowledges that the second PCR petition was timely filed.

6. The Arizona Court of Appeals denied review of the second PCR petition on December 4, 2012. After being granted an extension, Camargo filed a timely *pro se* petition for review in the Arizona Supreme Court. In its response, the State acknowledged the filing of the petition, but declined to respond, thus missing another opportunity to alert the state courts about the Superior Court's prior erroneous untimeliness determinations. The Arizona Supreme Court denied review in a summary order on March 27, 2013.

7. On December 3, 2013, Camargo filed a timely *pro se* petition for a federal writ of habeas corpus, and later filed an amended petition. The amended petition

4

raised claims of constructive denial of the right to counsel at trial, and ineffective assistance of counsel in his first PCR proceeding. The district court dismissed the petition as untimely, finding that Mr. Camargo's conviction became final on August 27, 2010. It therefore concluded the federal petition was filed outside of the one-year statute of limitations set by AEDPA. The district court acknowledged that the state court had made erroneous determinations as to the untimeliness of Camargo's PCR petitions, but held that it lacked the authority to overturn these determinations and find Camargo's second PCR petition properly filed under 28 U.S.C. § 2244(d)(2), such that it would statutorily toll the AEDPA statute of limitations. The district court also found that equitable tolling did not apply to Camargo's federal petition.

8. Equitable tolling of the one-year limitations period under § 2244 is available when a state prisoner establishes that: (1) he has pursued his rights diligently, and (2) extraordinary circumstances prevented timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (citations and internal quotation marks omitted). The person seeking equitable tolling is required to have exercised reasonable diligence in attempting to file, which we have described as "the effort

5

that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011).

9. "If the facts underlying a claim for equitable tolling are undisputed," the propriety of equitable tolling is a matter of law "reviewed de novo." *Gibbs v. Legrand*, 767 F.3d 879, 884 (9th Cir. 2014) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). In this case, the "exceptional circumstances" required for equitable tolling are clearly present: (a) the Arizona state courts' repeated, incorrect determinations that Camargo's post-conviction review petitions were untimely; (b) the State's multiple failures to inform the state courts of those clearly erroneous timeliness determinations; and (c) the State's affirmative misstatement to the Court of Appeals that Camargo's second PCR petition was successive. Camargo diligently filed all of his state post-conviction filings, *pro se*, until he exhausted his state remedies. Indeed, he raised the timeliness errors in his submissions. But for the incorrect state court timeliness determinations, Camargo's PCR petitions would have been heard on the merits.

10. We therefore find that the statute of limitations on Camargo's federal habeas petition should have been equitably tolled from the date he filed his second PCR petition, September 24, 2010, until review of that petition concluded, March 27, 2013. The district court determined that Camargo's conviction became final on

6

August 27, 2010.[1] In light of that determination and our finding on equitable tolling, Camargo's federal habeas petition was timely.

11. We do not reach the question whether the district court had the authority to find Camargo's state petition "properly filed" pursuant to 28 U.S.C. § 2244(d) under the Supreme Court's holding in *Pace v. DiGuglielmo*, in spite of the state court's contrary and erroneous timeliness determinations. 544 U.S. 408, 414-17 (2005). We also decline to reach the merits of Camargo's federal habeas petition, and remand for the district court to consider them in the first instance.

**REVERSED AND REMANDED.**

---

[1] On appeal, the State concedes that Camargo may be entitled to an even later starting date, of October 27, 2010, from which to run the AEDPA one-year statute of limitations, based on his petition for review and his motion for reconsideration filings regarding his first PCR petition. However, we need not reach this issue, because it does not affect the timeliness of his federal petition, given our equitable tolling determination.