

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER PAUL POULAIN,

Plaintiff-Appellant,

v.

G. GULICK, Dr.; STEVE SHELTON, Dr.;
MARK NOOTH; MAX WILLIAMS,

Defendants-Appellees.

No.    15-35645

D.C. No. 3:09-cv-01119-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 6, 2017
Portland, Oregon

Before:  GOULD and RAWLINSON, Circuit Judges, and BURNS,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Larry A. Burns, United States District Judge for the
Southern District of California, sitting by designation.

Christopher Paul Poulain (Poulain) appeals from the district court's grant of summary judgment in favor of Defendants on the basis that his action brought under 42 U.S.C. § 1983 was untimely.

The district court did not err in granting summary judgment on Poulain's § 1983 action because no material issue of fact existed regarding when Poulain discovered his injury. Poulain's injury accrued on February 21, 2007, when he learned that the removed growth was benign. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (holding that a "cause of action accrues when the plaintiff knows or has reason to know of the injury.") (citation and internal quotation marks omitted). Poulain's assertion that he learned of the injury when an unidentified nurse informed him that a doctor might have foregone conducting a biopsy because the procedure is "expensive and time consuming," misses the mark. The nurse's statement might serve as evidence of Defendants' deliberate indifference, however, evidence of deliberate indifference is not the same as accrual of an action. *See Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008) (clarifying that the cause of action accrues when the injury occurs rather than when the consequences of the action are "fully felt.")

Poulain conceded that his action was untimely. However, Poulain asserts that he is entitled to equitable tolling because he was proceeding *pro se* and had

restricted access to the law library. But these circumstances are not "extraordinary," as is required for equitable tolling. *Credit Suisse Sec. LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012) (applying the statute of limitations).

A *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009). Additionally, we have explained that "[o]rdinary prison limitations on [a plaintiff's] access to the law library" are "neither extraordinary," nor do they make it "impossible for him to file his petition in a timely manner." *Ramirez v. Yates,* 571 F.3d 993, 998 (9th Cir. 2009) (internal quotation marks omitted). Poulain faced conditions typical of prison life, and any restrictions placed on his ability to prosecute his claim were not "extraordinary" such that equitable tolling is appropriate. *See id.* (holding that a plaintiff was not entitled to equitable tolling "simply because he remained in administrative segregation and had limited access to the law library and copier" and distinguishing such circumstances from the "denial altogether of access to his personal legal papers.").

Because Poulain has not shown that extraordinary circumstances prevented him from timely filing a complaint, it is unnecessary to determine whether equitable tolling is appropriate under Oregon law.

**AFFIRMED.**