**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES RAY SHORB, | No.    17-35102 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-02005-SB |
| v. | |
| MARK NOOTH, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 17, 2018
Portland, Oregon

Before:  TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Charles Shorb appeals the district court's denial of his petition for writ of

habeas corpus as untimely under 28 U.S.C. § 2244(d).  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

**1.**  Shorb is not entitled to one court-day of equitable tolling.  The prison

mail system delays and attorney error alleged do not amount to "extraordinary

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

circumstance[s]" that prevented the timely filing of Shorb's state petition for post-conviction relief ("PCR"). *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As for the prison mail system, Shorb alleges only "delays inherent in the process of prison communication," which do not amount to an extraordinary circumstance. *See Ramirez v. Yates*, 571 F.3d 993 (9th Cir. 2009). With respect to attorney error, Shorb's attorney's decision to mail the signed PCR to the state court on the day it was due at most constituted "garden variety" negligence rather than "egregious professional misconduct." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271–72 (11th Cir. 1999)). Finally, because Shorb has not made any "allegation that would, if true, entitle him to equitable tolling," we decline to vacate the district court's order and remand for further factual development.[1] *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).

**2.** Shorb has not come forward with new evidence sufficient to trigger the "actual innocence" exception to the statute of limitations. For the exception to apply, a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

---

[1] We do not consider Shorb's allegation, made for the first time during oral argument, that his former attorney affirmatively misled him as to the timely filing of his habeas petition. *See Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir. 2017).

*McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The habeas court must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (internal quotation marks omitted).

Here, Shorb has failed to establish that no reasonable juror would have convicted him of raping and sexually abusing his adoptive granddaughter, B.C., in light of new polygraph and alibi evidence. The polygraph evidence is not sufficiently reliable to support a claim of actual innocence on its own. *See United States v. Scheffer*, 523 U.S. 303, 309 (1998) ("[T]here is simply no consensus that polygraph evidence is reliable."). Shorb fares no better when the polygraph evidence is considered in combination with the purported alibi evidence that he would often sleep during the daytime. Shorb's new evidence must be weighed against the trial evidence consisting of B.C.'s consistent testimony, which was corroborated by her statements to police officers, a counselor, a Department of Human Services worker, and a physician. In light of all the evidence, old and new, Shorb has failed to demonstrate his actual innocence.

**AFFIRMED.**