**NOT FOR PUBLICATION**

**FILED**

SEP 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLEY KELLER, | No. 18-55700 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-09197-AG-SP |
| v. | |
| CHRISTIAN PFEIFFER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted August 10, 2020
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and M. WATSON,**
District Judge.

Kelly Keller appeals from the district court's dismissal of his federal habeas

appeal as untimely under the one-year time limit in the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244. The district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

court ruled that although Keller was entitled to "gap tolling" for the periods of time between the filings of his post-conviction petitions in the California courts, he was not entitled to equitable tolling for the passage of time after the California Supreme Court denied his post-conviction petition. We affirm.

We review de novo the dismissal of a habeas petition as untimely, and review findings of fact made by the district court for clear error. *Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). We review a district court's determination not to hold an evidentiary hearing for abuse of discretion. *Stewart*, 757 F.3d at 934.

The Supreme Court has held that AEDPA's statutory limitation periods may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). We recently explained that these are two distinct requirements. *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020) (en banc) ("[I]f an extraordinary circumstance is not the cause of a litigant's untimely filing, then there is nothing for equity to address."). In *Smith*, we disapproved of an application for equitable tolling "where a litigant has not diligently pursued his rights before, during, and after the existence of an extraordinary circumstance." *Id.* at 598. We explained

2

that a litigant "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id.* at 598-99.

Here, the district court first granted Keller "gap tolling" for the periods of time between the filings of his post-conviction petitions in the California courts, without which AEDPA's time limitation would have run before Keller filed his post-conviction petition with the California Supreme Court. The district court also recognized that the days it took for the California Supreme Court's decision to reach Keller made it impossible for him to file a timely federal habeas petition. However, it reasoned that "[t]he Petition was late because petitioner waited over a year following the California Supreme Court's denial of his petition for review on August 27, 2014 before he constructively filed his first state habeas petition in the Superior Court on November 24, 2015, the day before the AEDPA limitation period expired." The district court determined that "[i]t is during that earlier time, while the AEDPA limitation period was running, that petitioner needs equitable tolling in order for [the] instant Petition to be timely, but petitioner has failed to show . . . extraordinary circumstances during that period prevented him from timely filing."

On this record, Keller has not shown that the district court clearly erred in determining that he did not act diligently. The district court considered Keller's actions during the relevant time period, November 2014 to November 2015. It noted that Keller waited two years before requesting additional records, waited six months before filing his state habeas petition, and filed all of his petitions without the additional records he sought. In light of the district court's careful consideration of Keller's actions, Keller has not shown either that the district court erred in dismissing his federal habeas petition as untimely or that the district court abused its discretion in declining to hold an evidentiary hearing.

The district court's order of dismissal is **AFFIRMED**.