**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO ALMANZA-GARCIA, | No. 20-35260 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-01704-HZ |
| v. | |
| BRIDGETT AMSBERRY, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted March 1, 2021**
Portland, Oregon

Before: PAEZ and WATFORD, Circuit Judges, and TUNHEIM,*** District Judge.

Francisco Almanza-Garcia appeals the district court's judgment dismissing

his federal habeas petition as untimely. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

**1.** A federal habeas petition challenging a state court conviction must be filed within one year of the date on which the conviction became final. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations is tolled, however, during the pendency of a "properly filed" application for state post-conviction relief. *Id.* § 2244(d)(2). Almanza's convictions became final on December 15, 2015. Under the prison mailbox rule, Almanza was deemed to have filed his petition for state post-conviction relief prior to December 15, 2015, so tolling began immediately. On February 21, 2017, the state post-conviction court denied Almanza's petition for failure to state a claim for relief. Almanza did not file his federal habeas petition until June 5, 2018, more than a year later. Almanza claims that tolling continued after February 21, 2017, while he appealed the state post-conviction court's denial of his petition, and that tolling did not end until October 10, 2018, when the denial of this appeal became effective.

We reject Almanza's argument. This court has held that a petitioner is not entitled to tolling during the pendency of an appeal from a non-appealable order because such an appeal is not a "properly filed" application for post-conviction relief. *Ramirez v. Yates*, 571 F.3d 993, 999 (9th Cir. 2009). Here, the order Almanza attempted to appeal was non-appealable because under Oregon law, "a judgment dismissing a meritless petition is not appealable," and a meritless petition

is defined as one that "fails to state a claim upon which post-conviction relief may be granted." Or. Rev. Stat. § 138.525(2), (3).

2. In the alternative, Almanza argues that he is entitled to equitable tolling. A petitioner seeking to invoke equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Almanza alleges that his post-conviction counsel rendered ineffective assistance, constituting an "extraordinary circumstance." He bases this claim on his post-conviction attorney's filing of an affidavit stating that he had reviewed the case and did not believe the petition could be amended to state a ground for relief. But in doing so, Almanza's counsel was simply abiding by Oregon law, which explicitly requires a post-conviction attorney to file such an affidavit if he believes the petition cannot state a valid claim. Or. Rev. Stat. § 138.590(5).

3. Finally, Almanza requests that we either remand to the district court with instructions to stay his petition pending the Supreme Court's decision in *Edwards v. Vannoy*, No. 19-5807, or authorize him to pursue a claim under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), in a second or successive petition. We are not in a position to order the district court to stay the petition because it was properly dismissed as untimely. And while the Supreme Court is considering whether

*Ramos* should apply retroactively in *Edwards*, it has not yet ruled on the matter, so to authorize a second or successive petition now would be premature.

**AFFIRMED.**