NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY ALLEN FRANKLIN, | No. 19-55726 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-08379-CBM-KK |
| v. | |
| A. H. MARTINEZ, Lieutenant, in individual and official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SOTO; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

California state prisoner Gregory Allen Franklin appeals pro se from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court's summary judgment and judgment on the pleadings in his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment for failure to exhaust administrative remedies); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009*)* (judgment on the pleadings). We affirm.

The district court properly granted summary judgment on Franklin's claims against defendants Rowe, Harris, Martinez, and Wofford because Franklin failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2011) ("The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. . . ."); *see also Soto v. Sweetman*, 882F.3d 865, 872-73 (9th Cir. 2018) (to avoid summary judgment, a pro se inmate must submit at least "some competent evidence" that creates a genuine dispute of fact for trial).

The district court properly granted judgment on the pleadings on Franklin's claim against defendant Boroquez because Franklin failed to allege facts sufficient

to show he filed his action within the two-year statute of limitations or was entitled to equitable tolling. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (for § 1983 claims, federal courts apply the forum state's statute of limitations; California's statute of limitations is two years for personal injury actions); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (observing that "[o]rdinary prison limitations on [the petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner").

Franklin's motion to extend the time to file his reply brief (Docket Entry No. 28) is granted. Franklin's reply brief has been filed at Docket Entry No. 29.

**AFFIRMED.**