NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENTRELL WILLIS,

      Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 24-2548

D.C. No.
1:19-cv-00761-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted December 17, 2025[***]

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

Federal prisoner Kentrell Willis appeals pro se from the district court's

summary judgment in Willis's action under the Federal Tort Claims Act ("FTCA")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging sexual assault and negligence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, and for an abuse of discretion its application of the doctrine of judicial estoppel. *Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment because Willis's action was untimely and Willis failed to raise a genuine dispute of material fact as to whether he was entitled to equitable tolling. *See* 28 U.S.C. § 2401(b) (FTCA claims must be filed in the district court within six months after notice of administrative denial); *Ramirez v. Yates*, 571 F.3d 993, 997–98 (9th Cir. 2009) (setting forth requirements for equitable tolling to apply, and concluding that prisoner was not entitled to equitable tolling where the record showed that he prepared "other substantial legal filings" before the limitations period expired).

The district court did not abuse its discretion in applying judicial estoppel to bar Willis's new argument that his claims were timely. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (setting forth discretionary factors for judicial estoppel to apply, including that a party would gain an unfair advantage from arguing a position inconsistent with one that this court previously accepted in granting relief); *Willis v. United States*, 847 Fed Appx. 485 (9th Cir. 2021) (unpublished) (vacating the district court's screening dismissal of Willis's action and remanding for the district court to consider Willis's argument that

although the claims were untimely, equitable tolling applies).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**